Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Eileen Ahern (Bar No. 216822)
eahern@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN FORONDA, on behalf of himself and others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, a Delaware Corporation; PROCTER & GAMBLE HEALTH PRODUCTS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.: 2:18-cv-06844<br><br>(Los Angeles Superior Court Case No. BC700535)<br><br>**DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF REMOVAL** |

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF
2  AND HIS ATTORNEYS OF RECORD:
3       PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446
4  and 1453, defendant The Procter & Gamble Company ("P&G") removes the
5  above-captioned action from the Superior Court of the State of California for the
6  County of Los Angeles to the United States District Court for the Central District
7  of California.  In support of its Notice of Removal, P&G states:
8       On April 2, 2018, plaintiff Ivan Foronda ("Plaintiff") filed a complaint in
9  the Superior Court of the State of California for the County of Los Angeles,
10 Docket No. BC700535, captioned *Ivan Foronda v. The Procter & Gamble*
11 *Company, et al*.
12      By agreement between Plaintiff and P&G, on July 10, 2018, Plaintiff
13 served the Summons and Complaint on P&G only; P&G's Notice of Removal thus
14 is timely filed within 30 days of July 10, 2018.[1]
15      True and correct copies of the Summons and Complaint, in addition to all
16 other "process, pleadings, and orders served upon" P&G, *see* 28 U.S.C. § 1446(a),
17 are attached as Exhibits A–K, respectively.
18      A copy of this Notice of Removal is being filed with the Clerk of the
19 Superior Court of the State of California for the County of Los Angeles, and upon
20 counsel of record pursuant to 28 U.S.C. § 1446(d).
21
22                    **Venue**
23      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the
24 United States District Court for the district and division embracing the place where
25 the state court case was pending.
26
---
27 [1]  Procter & Gamble Health Products Inc., an improperly-named defendant, was
28      dismissed from this suit by Plaintiff.  *See* Exhibit K.

NOTICE OF REMOVAL
1

146000.1

**Nature of the Removed Action**

Plaintiff alleges that P&G manufactures, markets, and sells Gillette Fusion ProGlide Sensitive 2-in-1 Shave Gel (the "Product"), which Plaintiff alleges "has non-functional slack-fill"—i.e., the shave gel's container "give[s] the false impression that there is more product than actually packaged" (Complaint, ¶¶ 1, 2, 10-12, 15), and that the Product's dispenser is defectively designed (*id.*, ¶ 18).

Plaintiff asserts ten causes of action: (1) negligence; (2) negligent misrepresentation; (3) strict products liability; (4) strict liability – design defect; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness [for a particular purpose]; (7) "unfair business practices" [violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.*]; (8) "false advertising" [violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §17500 *et seq.*]; (9) unjust enrichment; and (10) violation of the Consumers [sic] Legal Remedies Act ("CLRA") [Cal. Civ. Code §1750 *et seq.*]. *See* Complaint ¶¶ 33–85.

Plaintiff seeks to litigate his claims on behalf of himself and a class, defined in the complaint as follows:  "[A]ll persons wherever situated who purchased the product manufactured, distributed and sold by Defendants during the time period permitted under applicable statute [sic] of limitations, excluding Defendants, and each of them, any and all officers, directors, employee and agents of the defendants, their affiliates and/or subsidiaries and excluding those consumers who have sustained personal injury and/or property damage (other than damages relative to the non-functional slack-fill dispensed through a defective can that either did not allow the entirety of the Product to be dispensed or dispensed product on its own)."  Complaint ¶ 26.

Plaintiff alleges the putative class consists of "tens of thousands, if not hundreds of thousands" of members.  Complaint ¶ 30, b.

NOTICE OF REMOVAL
2

1  Plaintiff demands relief that includes, but is not limited to general and
2  special damages, an order requiring P&G to disgorge and restore all funds or value
3  obtained by means of any alleged unlawful, unfair, or fraudulent practices,
4  injunctive relief, and costs of suit.  Complaint, pp. 15-16 (Prayer for Relief).
5  As demonstrated below, this Court has jurisdiction over Plaintiff's action,
6  and it is properly removed to this Court.

## BASIS OF FEDERAL JURISDICTION UNDER
## CLASS ACTION FAIRNESS ACT

This action is removable to this Court because federal diversity jurisdiction under 28 U.S.C. § 1332 exists over Plaintiff's claims under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code, including 28 U.S.C. §§ 1332(d) & 1453.

Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions.  CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the number of proposed class members is not less than 100.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6) & 1453(b).  As set forth below, the requirements for removal are met here.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### Amount-in-Controversy Requirement

CAFA's first requirement, that the aggregate amount in controversy exceed $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is met here.[2]

Plaintiff seeks "disgorgement" of "all funds" P&G has received from its alleged violations of the FAL and "unlawful, unfair, or fraudulent business acts or practices." Complaint, ¶¶ 74, Prayer for Relief, p. 16, ¶ 1.

It is P&G's regular practice to maintain, in the ordinary course of its business, records of sales of the Product. Declaration of Sumeet Jain ("Jain Decl."), ¶ 2. Plaintiff's putative class period begins four years before this lawsuit was filed on April 2, 2018 (Complaint ¶ 26[3]), and P&G's business records reflect that P&G's sales of the Product exceeded $5 million during that time period.[4] Jain Decl. ¶ 3. Accordingly, the amount in controversy by Plaintiff's allegations exceeds the $5 million CAFA threshold.

### Minimal Diversity of Citizenship

CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is also met here.

Plaintiff alleges that he is a resident of Los Angeles, California.

---

[2] Nothing herein shall be construed as an admission by P&G that Plaintiff or any member of the putative class is entitled to any relief requested.

[3] E.g., the statute of limitations for actions for violation of the UCL is four years. Cal. Bus. & Prof. Code § 17208.

[4] P&G considers the exact amount of revenue generated to be confidential. As this is a public filing, P&G is using conservative round numbers. If this Court would like P&G to submit precise numbers under seal, P&G will provide them.

Complaint, ¶ 3; *see also Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"). P&G is an Ohio corporation with its headquarters in Cincinnati, Ohio.

Accordingly, minimal diversity exists between Plaintiff and P&G. *See* 28 U.S.C. § 1332(d)(2)(A).

### Proposed Class Size

CAFA's third requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(5), is met here as well. Plaintiff alleges the putative class consists of at least "tens of thousands." Complaint, ¶ 30, b. Plaintiff thus alleges a potential class with at least 100 members.

### Conclusion

For all the foregoing reasons, this action is properly removed to this Court under CAFA.

Respectfully submitted,

Dated: August 9, 2018
WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ Paul J. Loh*
Paul J. Loh
Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

NOTICE OF REMOVAL
5

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  August 9, 2018

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ Paul J. Loh*
    Paul J. Loh
    Attorneys for Defendant
    THE PROCTER & GAMBLE COMPANY

CERTIFICATE OF SERVICE

146000.1